# EXHIBIT 2

## IN THE DISTRICT COURT OF MAYES COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1) | S.I., a minor, by and through her parent and next friend TAMMY BARK; | § |
| 2) | S.B., a minor, by and through her parent and next friend MANDI BENNETT; | § |
| 3) | L.B., a minor, by and through her parent and next friend KIM BURGESS; | § |
| 4) | T.H., a minor, by and through her parent and next friend LEAH HURRY; | § |
| 5) | S.P., a minor, by and through her parent and next friend BILLIE PAIT; | § |
| 6) | M.M., a minor, by and through her parent and next friend KATHERINE POLK; | § |
| 7) | I.C., a minor, by and through her parent and next friend KRISTEN SHATSWELL; | § |
| 8) | A.J., a minor, by and through her parent and next friend, KATHI SMITH; | § |
| 9) | E.S., a minor, by and through her parent and next friend, KELLIE GUESS | § |
| 10) | S.C., a minor, by and through her parent and next friend MISTY CALHOON; | § |
| 11) | K.P., a minor, by and through her parent and next friend JESSICA PACKARD; and, | § |
| 12) | B.M., a minor, by and through her parent and next friend, JOLENE LINDSAY. | § |

§

FILED IN THE DISTRICT COURT
MAYES CO, OKLAHOMA

**NOV 0 2 2020**

LAURA L. WADE, COURT CLERK
BY_____ DEPUTY

CASE NO: CJ-2020- 18 3

JURY TRIAL DEMANDED

§
§
§
§
§
§

Plaintiffs,

v.

§
§
§
§

1)   INDEPENDENT SCHOOL DISTRICT
     NO. 16 OF MAYES COUNTY,
     OKLAHOMA, a/k/a SALINA SCHOOL
     DISTRICT, a/k/a SALINA PUBLIC
     SCHOOLS; and,
2)   JOHN Q. HORNER, an individual.

§
§
§
§
§
§
§
§
§

Defendants.

§

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, all female minors by and through their parents and next of friends and all by and through their attorneys of record allege and states as follows:

## PARTIES AND JURISDICTION

1.      At all relevant times pertinent hereto, Plaintiffs were and are citizens of the State of Oklahoma and residents of Mayes County, Oklahoma.

2.      Defendant Independent School District No. 16, *a/k/a* Salina School District, *a/k/a* Salina Public Schools ("School District") is a public educational institution located in Mayes County, Oklahoma. The School District is an Oklahoma school district organized and existing under the laws of the State of Oklahoma and has its principal office in Mayes County, Oklahoma. The School District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688. The School District may be served with process at its principal place of business:  212 E. Fry, Salina, OK 74365.

3.      Defendant John Q. Horner ("Horner") was a teacher at the Salina Middle School.

4.      Defendant Horner was acting within the course and scope of his employment, except as to those claims, which are intentional torts.

5.      The District Court of Mayes County has subject matter and personal jurisdiction over the Defendant and venue is proper pursuant to 12 O.S. §§ 133, 134, and 143.

## COMPLIANCE WITH O.G.T.C.A. NOTICE REQUIREMENT

6.      Plaintiffs have complied with the notice provisions of the Oklahoma Governmental Tort Claims Act by providing notice of this claim to the School District.

## FACTUAL BACKGROUND

7.      The School District should provide a safe learning environment for its students. They failed to do so.

8.      The School District failed to provide its students an environment free of a sexual predator, Defendant Horner.

9.      While on the Salina Middle School grounds and during school hours, Defendant Horner repeatedly preyed on female students even after parents and students informed the School District of the sexual predator's misconduct via the School District's agents and employees.

10.     All of the Plaintiffs were victims of this sexual predator.

11.     The sexual predator, Defendant Horner, inappropriately touched all victims.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Negligence Against Defendant Salina Public Schools**

COME NOW the Plaintiffs and hereby adopt and include the foregoing statements and allegations as if they were fully stated herein, and for their First Cause of Action against the School District, allege and state:

12.     The School District is responsible for the negligence of their agents, servants, and employees while acting within the course and scope of their employment.

13.     The School District breached its duty to Plaintiffs, as parents and next friends, that entrusted their children to the School District *in loco parentis* and in a special relationship over these little girls.

14.     Defendant Horner breached his duty to Plaintiffs, as parents and next friends, that entrusted their children to Horner *in loco parentis* and in a special relationship over these little girls.

15.     The School District and Horner breached their duty of reasonable care as custodians of these young students and the special relationship that arose therefrom.

3

16.     The School District, through its agents, servants and employees, was negligent in its hiring, negligent in its training, negligent in its supervision and negligent in its retention of Horner.

17.     As a direct result of the negligence of the School District, through its agents, servants and employees, Plaintiffs were injured, both physically and mentally and have suffered damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendant School District and Defendant Horner for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Violations

COME NOW the Plaintiffs and hereby adopt and include the foregoing statements and allegations as if they were fully stated herein, and for their Second Cause of Action against the School District, allege and state that under the Fourth Amendment and the Fourteenth Amendment, Plaintiffs have the right to Due Process and Equal Protection of the Law.

18.     At all times relevant hereto, it was clearly established that Plaintiffs had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

19.     Defendant School District was a state actor acting under the color of state law.

20.     Defendant School District denied Plaintiffs their rights to Due Process and Equal Protection of the Law by:

    a.     Failing to enact and implement adequate policies concerning sexual harassment, misconduct and abuse;

    b.     Failing to remove Horner;

4

    c.     Failing to prevent adolescents from being alone with Horner;

    d.     Failing to investigate Horner properly, before and after these referenced allegations;

    e.     Failing to hire, train, supervise, and retain Horner properly;

    f.     Failing to adequately train and supervise the its employees; and

    g.     Exhibiting deliberate indifference to the sexual misconduct directed at Plaintiffs.

21.    Defendant School District has an unconstitutional custom or policy of:

    a.     Failing to report criminal misconduct;

    b.     Failing to investigate criminal misconduct;

    c.     Discounting the credibility of adolescents' allegations; and

    d.     Failing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of adolescents.

22.    The policy is attributable to a policymaker.

23.    The resulting inadequate policies and resulting failure to train allowed Horner, as Defendant School District's employee, to violate Plaintiffs' 4th Amendment rights and Plaintiffs' 14th Amendment rights to Equal Protection and Due Process.

24.    Molestation of adolescents at a middle school is a danger.

25.    An environment where an adolescent is feloniously touched, molested, and/or receives lewd or lascivious communications from an adult is a dangerous environment.

26.    Defendant School District created a dangerous environment for its adolescents, including Plaintiffs.

27.     Defendant School District, as a state actor, affirmatively acted to create, or increased the Plaintiffs' vulnerability to, or danger from, the misconduct of Defendant Horner.

28.     Plaintiffs were members of a limited and specifically definable group—namely, female, minor, and adolescent.

29.     Defendants created the danger or increased the Plaintiffs' vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Defendant Horner from its School District after receiving notice of his misconduct.

30.     Defendant School District's conduct put Plaintiffs at substantial risk of serious, immediate and proximate harm. That risk included the risk of being abused while at Defendant School District's middle school. Indeed, Defendant Horner abused Plaintiffs after the School District had actual notice of Horner's misconduct.

31.     The risk of danger was obvious or known to Defendant School District.

32.     Defendant School District's actions and inactions created an opportunity for Defendant Horner to engage in sexual misconduct.

33.     Defendant School District acted recklessly in conscious disregard of that risk.

34.     Defendant School District's conduct, when viewed in total, shocks the conscience.

WHEREFORE, premises considered, Defendant School District and its officials' failings as described above resulted in Plaintiffs suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation. Plaintiffs pray for judgment against the Defendant School District, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## THIRD CAUSE OF ACTION
### Assault and Battery Against Defendant John Q. Horner, only

COME NOW the Plaintiffs and hereby adopt and include the foregoing statements and allegations as if they were fully stated herein, and for their Third Cause of Action, allege and state:

35.     Defendant Horner acted without the consent of the Plaintiffs.

36.     Defendant Horner acted intentionally with the intent of making harmful contact with Plaintiffs.

37.     Defendant Horner's actions resulted in harmful contact with Plaintiffs.

38.     As a direct result of the assault and battery, Plaintiffs. have suffered injuries and damages.

39.     The actions of Defendant Horner were reckless and in disregard for the rights of others, including the rights of Plaintiffs.

40.     Plaintiffs are entitled to recover actual and punitive damages against the Defendant Horner, individually, to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, John Q. Horner, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiffs further pray for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Against Defendant John Q. Horner, only

COME NOW the Plaintiffs and hereby adopt and include the foregoing statements and allegations as if they were fully stated herein, and for their Fourth Cause of Action, allege and state;

41.     The physical and mental abuse that Defendant Horner gave to Plaintiffs was done maliciously and sadistically.

42.     Defendant Horner's actions were extreme and outrageous and beyond the bounds of decency.

43.     Defendant Horner's actions were atrocious and utterly intolerable in a civilized society.

44.     As a direct result of Defendant Horner's actions, Plaintiffs were severely traumatized, beyond which a reasonable little girl could be expected to endure.

45.     Defendant Horner intentionally and/or recklessly caused their emotional distress.

46.     The actions of Defendant Horner were intentional and/or reckless, with disregard for the rights of others, including the rights of Plaintiffs.

47.     Plaintiffs are entitled to recover punitive damages against Defendant Horner to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE Plaintiffs pray for judgment against the Defendant, John Q. Horner, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiffs further pray for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

Respectfully submitted,

CHASE MCBRIDE, JD/MBA
ATTORNEY AT LAW, OBA #32001
RITCHIE, ROCK, MCBRIDE & ATWOOD
P.O. Box 246
Pryor, OK 74362
Phone: (918) 825-4558
Fax: (918) 825-1623
Email: CMcBride@RRMALaw.com

CAMERON SPRADLING, OBA #8509
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Email: Cameron@CameronSpradling.com

TOD S. MERCER, OBA #14157
MERCER LAW FIRM, P.C.
500 East Choctaw Avenue
McAlester, Oklahoma 74501
Phone: (918) 420-5850
Fax: (918) 420-5855
Email: Tod@TodMercerLaw.com

ATTORNEYS FOR PLAINTIFFS